IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CARMEN HENRY, as Personal Representative
of the Estate of Trevon Lonte Williams, Deceased,**

      **Plaintiff,**

v.                                                                                    No. 11cv0322 WJ/LAM

**ALBUQUERQUE JOB CORPS CENTER, and
DEL-JEN, INC., individually and as a
foreign corporation,**

      **Defendants.**

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S MOTION TO COMPEL

**THIS MATTER** is before the Court on *Plaintiff's Motion for Order to Compel United States Department of Labor to Allow Inspection of Premises (Doc. 64)*, filed February 26, 2014. Having considered the motion, record of the case, and relevant law, the Court finds that the motion is not well-taken and should be **DENIED without prejudice**.

In the motion, Plaintiff asks the Court to enter an order compelling nonparty United States Department of Labor to allow inspection and videotaping by Plaintiff's counsel of a portion of the Albuquerque Job Corps Center. [*Doc. 64*]. Plaintiff states that the United States Department of Labor has denied the request for inspection made by Defendant Del-Jen, Inc. *Id.* at 2. Plaintiff further states that Defendant Del-Jen takes no position on the motion. *Id.*

The Court notes that, pursuant to Fed. R. Civ. P. 34(c), nonparties may be compelled to permit an inspection "[a]s provided in Rule 45." Rule 45 provides instruction on issuing a subpoena, and explains that a subpoena may be issued to command a person to permit the inspection of premises (Rule 45(a)(1)(A)(iii)), that notice and a copy of a subpoena served on a

nonparty must be served on each party (Rule 45(a)(4)), and that a person commanded to permit the inspection of premises may serve written objections on the party or attorney designated in the subpoena within the time deadlines specified in Rule 45(d)(2)(B). If objections are made, "on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Pursuant to the Court's local rules, a party seeking relief pursuant to a motion to compel (Fed. R. Civ. P. 37(a)), must attach to the motion a copy of the request for inspection and the response or objection thereto. D.N.M. LR-Civ. 37.1. Here, Plaintiffs have failed to comply with Local Rule 37.1 by failing to attach either a copy of their request for inspection under Rule 34 or the subpoena served pursuant to Rule 45, and by failing to attach a copy of the United States Department of Labor's objection to the request. Without that information, the Court cannot make an informed decision on Plaintiff's motion to compel because the Court does not know the United States Department of Labor's reason for objecting to the inspection. Therefore, the Court will deny this motion without prejudice.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Order to Compel United States Department of Labor to Allow Inspection of Premises (Doc. 64)* is **DENIED without prejudice** for failure to comply with the Court's local rules.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**