IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CARMEN HENRY, as Personal Representative
of the Estate of Trevon Lonte Williams, Deceased,**

      **Plaintiff,**

v.                                          **No. 11cv0322 WJ/LAM**

**ALBUQUERQUE JOB CORPS CENTER, and
DEL-JEN, INC., individually and as a
foreign corporation,**

      **Defendants.**

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY [*Doc. 69*]**

      **THIS MATTER** is before the Court on *Plaintiff's Motion for Order to Compel Discovery (Doc. 69)*, filed March 7, 2014. Defendants filed a response to the motion on March 21, 2014 [*Doc. 75*], and Plaintiff filed a reply on April 4, 2014 [*Doc. 80*]. Mr. Williams was an adult student at the ABQ Job Corps Center, which is operated by Del-Jen, Inc. *See* [*Doc. 52* at 2] (First Amended Complaint). Plaintiff alleges that the acts and/or omissions of Defendants caused the wrongful death of Mr. Williams, and that his estate has suffered injuries and damages as a result. *Id.* at 5-6. Plaintiff brings claims against Defendants for negligence and wrongful death (*id.* at 6-8); negligent hiring, training, supervision, staffing and retention (*id.* at 8-9); and for punitive damages (*id.* at 9-10). In Plaintiff's motion to compel, Plaintiff contends that Defendants failed to provide complete answers to Plaintiff's Requests for Production Nos. 1, 2, 3, 4, 5, and 7 and Interrogatory Nos. 2, 3, and 7. [*Doc. 69* at 2-7]. In Plaintiff's reply, she states that Defendants' response to Interrogatory No. 2 is sufficient (*Doc. 80* at 5), but the parties have not resolved their

disputes regarding the remaining discovery requests. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **GRANTED**.

### A. Requests for Production

#### 1. Request for Production Nos. 1 and 2

Request for Production (hereinafter "RFP") Nos. 1 and 2 ask Defendants to produce budgets and operating financial statements from the Albuquerque Job Corps Center from October 1, 2007 through September 30, 2009. [*Doc. 69-2* at 1]. Defendants objected to the requests for the following reasons: (1) the information is neither admissible nor likely to lead to the discovery of admissible evidence; (2) there is no factual or legal basis to support a claim for punitive damages; (3) the requests are vague, overly broad, burdensome and harassing; and (4) the requests would require an invasion of privacy and the disclosure of various types of confidential information. *Id.* at 1-2. In her motion to compel, Plaintiff contends that this information is relevant to determine whether the funds requested and expended by Defendants were consistent with contract and regulatory requirements. [*Doc. 69* at 2]. Plaintiff states that "the information sought would be likely to lead to the discovery of admissible evidence on the issues of negligence on the provision of mental health services and the training of staff [because] [i]f adequate funds were not budgeted or if the budgeted funds were not spent, an inadequate level of service might be considered with respect to negligence." *Id.* In addition, Plaintiff states that the information is relevant to Plaintiff's punitive damages claim because "the documents requested together with other information will show that Defendant Del[-]Jen[,] Inc. knowingly misstated the level of

services it would provide to at risk students at the Albuquerque Job Corps Center for the purposes of securing [c]orporate profits," and that Plaintiff "will be able to prove Defendant acted with reckless indifference to the consequences thereby giving rise to a claim for punitive damages." *Id.* at 3.  Plaintiff agrees to narrow RFP No. 1 so that it excludes the academic program.  *Id.* at 2. Plaintiff contends that, with regard to RFP No. 2, "[g]iven the level of inadequate service provided to Trevon Williams, the extent of Del[-]Jen's profits would bear upon the appropriateness of [p]unitive damages."  *Id.* at 6.

In their response to the motion to compel, Defendants contend that RFP Nos. 1 and 2 are not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff cannot support her claim for punitive damages since Plaintiff has alleged negligence only.  [*Doc. 75* at 1-3].  Defendants further contend that these requests are a "fishing expedition" because Plaintiff is speculating as to the possibility of financial impropriety.  *Id.* at 4-5.  In addition, Defendants contend that Plaintiff did not contend in her amended complaint that Defendants engaged in improper conduct for the purpose of securing corporate profits, so these requests are outside the scope of litigation.  *Id.* at 6-8.  In reply, Plaintiff states that discovery in this case has shown that there were deficiencies in Defendants' operations and that "[t]hese deficiencies may well relate to funding levels for which information is sought in the discovery requests."  [*Doc. 80* at 3-4].  Plaintiff also contends that Defendants' assertion that Plaintiff has no basis for a punitive damages claim is premature because discovery is ongoing.  *Id.* at 4.

Discovery is permitted under Rule 26 if the information is relevant to any party's claim or defense and it need not be admissible if it "appears reasonably calculated to lead to the discovery

3

of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The Court finds that Plaintiff's requests for budgets and financial statements for the Albuquerque Job Corps Center from October 1, 2007 through September 30, 2009, excluding the academic program for RFP No. 1, are reasonably related to Plaintiff's claims that Defendants failed to adequately provide Mr. Williams with proper mental health treatment and failed to timely react to his hanging because the information pertains to how Defendants funded the services provided to their students.  The Court further finds that this information may be relevant to Plaintiff's claim for punitive damages as it may show whether Defendants acted with the requisite level of indifference to satisfy such a claim.

Defendants provide no support for their contention that Plaintiff must establish a *prima facie* case on the issue of punitive damages before she can obtain discovery of Defendants' financial information (*Doc. 75* at 3) because the cases relied on by Defendants for this contention state the opposite of what Defendants cite them for.  *See CEH, Inc. v. FV "Seafarer"*, 153 F.R.D. 491, 498-99 (D.R.I. 1994) (holding "that plaintiffs need not establish a *prima facie* case on the issue of punitive damages before they can obtain pretrial discovery of defendants' financial information," explaining that "[t]o require a *prima facie* showing of entitlement to punitive damages before the completion of discovery would be to ignore one purpose of discovery -- to locate evidence to support a claim before trial"); and *Pedroza v. Lomas Auto Mall, Inc. v. Independent Auto Dealers Svc. Corp., Ltd.*, No. CIV 07-0591 JB/RHS, 2008 WL 4821457, *2 (D.N.M. July 10, 2008) (unpublished) ("The Court follows the majority of state and federal courts, and permits discovery of a defendant's net worth without requiring the plaintiff to establish a prima-facie case for punitive damages.").  While a party's punitive damages claim must not be

spurious in order for it to discover a party's financial condition (*see Pedroza*, 2008 WL 4821457, *2), there is no evidence before the Court that Plaintiff's punitive damages claim is spurious. With regard to Defendants' contention that these requests "are vague, overly broad, burdensome and harassing," such an objection is improper when it is not accompanied with specific reasons as to why the request is overly broad. *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D.Kan. 1997) ("The objecting party has the burden to substantiate its objections. . . . The objecting party must specifically show how each discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden") (citations omitted). Defendants' contention that the requests ask for confidential information can be addressed by a protective order entered into by the parties. For these reasons, the Court finds that Plaintiffs' motion to compel shall be granted as to Request for Production Nos. 1 and 2, and Defendants shall produce all responsive information to these requests, as narrowed by Plaintiff in her motion to compel.

## 2. *Request for Production No. 3*

This request asks for Defendant Del-Jen, Inc.'s response to the United States Department of Labor's Request for Proposals for the Operation of the Albuquerque Job Corps Center for October 1, 2006 through September 30, 2008. [*Doc. 69-2* at 2]. Defendants made the identical objections to this request that they made to RFP Nos. 1 and 2. *Id.* In her motion to compel, Plaintiff states that the requested "information would include representations made to the United States Department of Labor regarding what services Job Corp[s] would provide, its qualifications to provide those services, and may include 'puffing' regarding Del[-]Jen's capabilities of

5

providing services." [*Doc. 69* at 6]. In response, Defendants contend that Plaintiff is "speculating [that] she may find some misrepresentation or exaggeration of services," and that any information Plaintiff may find will not support Plaintiff's claim for punitive damages. [*Doc. 75* at 10]. Nevertheless, Defendants state that Plaintiff has a copy of the information Del-Jen, Inc. provided to the Department of Labor in its proposal for the contract. *Id.* at 11. In her reply, Plaintiff states that she seeks this information to find out what representations Defendant Del-Jen, Inc. made to obtain its contract with respect to its qualifications and the quality of services it would provide. [*Doc. 80* at 4]. The Court finds that this request may lead to the discovery of admissible evidence regarding Plaintiff's claims for negligence and punitive damages because it may demonstrate Defendant Del-Jen, Inc.'s level of culpability. Therefore, Plaintiff's motion to compel with regard to this request is granted to the extent there is any additional information responsive to this request that has not already been provided to Plaintiff.

### 3. *Request for Production No. 5*

Plaintiff and Defendants state that this request asks for documents related to any incentive fees requested or obtained by Del-Jen, Inc. in connection with its operations of the Albuquerque Job Corps Center. *See* [*Doc. 69* at 6] and [*Doc. 75* at 11]. Plaintiff failed to attach a copy of this request to her motion to compel, which is in violation of Local Rule 37.1. However, because the parties agree as to the substance of the request, and in the interests of judicial efficiency, the Court will consider the request instead of dismissing it without prejudice for failure to follow the Court's local rules. Plaintiff states that this information is relevant to the issue of punitive damages. [*Doc. 69* at 6]. Defendants state that there is no basis for Plaintiff's punitive damages claim, and

state that "Plaintiff cannot possibly link an earned incentive fee to alleged inadequate services or mental health services provided to Trevon [Williams]." [*Doc. 75* at 11]. The Court has already explained that Plaintiff does not need to demonstrate a *prima facie* case for punitive damages before she can obtain discovery regarding Defendants' financial information. The Court finds that this request is relevant to Plaintiff's punitive damages claim because, similar to RFP Nos. 1 and 2 for information relating to Defendants' budgets and financial statements, information regarding incentive fees that were requested and/or obtained could provide evidence regarding whether Defendants acted with the requisite level of indifference to satisfy Plaintiff's claim for punitive damages. The Court, therefore, will grant Plaintiff's motion with regard to this request.

### *4.   Request for Production Nos. 4 and 7 and Interrogatory Nos. 3 and 7*

In their response to Plaintiff's motion, Defendants state that there are no documents responsive to RFP Nos. 4 and 7 other than documents which Plaintiff already has, and that Defendants have fully answered Interrogatory Nos. 3 and 7. [*Doc. 75* at 11-13]. In reply, Plaintiff states that statements made by Defendants in briefs filed with the Court with regard to these discovery requests are not admissible evidence, so Plaintiff asks that Defendants amend their responses to the discovery requests to include these statements. [*Doc. 80* at 4-5]. The Court agrees with Plaintiff and Defendants shall serve amended responses to these discovery requests which include the statements they make in their response brief.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Order to Compel Discovery (Doc. 69)* is **GRANTED**, and Defendants shall supplement their responses to Plaintiff's discovery requests as set forth above **no later than fifteen (15) days after the entry of this Order**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**