# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CARMEN HENRY, as Personal Representative**
**of the Estate of Trevon Lonte Williams, Deceased,**

    **Plaintiff,**

**v.**                            **No. 11CV322 WJ/LAM**

**ALBUQUERQUE JOB CORPS CENTER, and**
**DEL-JEN, INC., individually and as a foreign corporation,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR JURY TRIAL

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Jury Trial, filed April 29, 2014 (**Doc. No. 87**). Having considered the parties' briefs[1] and the applicable law, the Court finds that Plaintiff's motion is not well-taken and, therefore, is DENIED.

### Background

This is a wrongful death action arising out of the suicide of eighteen-year old Trevon Williams at Defendant Albuquerque Job Corps Center ("AJCC") established by the United States Department of Labor. Defendant Del-Jen, Inc. ("Del-Jen") operated AJCC during the relevant time period. Although the lawsuit originally contained a Federal Tort Claims Act (non-jury)

---

[1] Pursuant to the local rules of this Court, Plaintiff had fourteen (14) calendar days to reply to Defendants' Response See D.N.M. LR-Civ 7.4 (a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response."). Accordingly, Plaintiff's Reply was due on May 30, 2014. As of the date of this Order, Plaintiff has not yet filed a Reply in Support of her Motion for Jury Trial or a Notice of Extension of Briefing, as required by local rules. See id. (The time period for filing a response "may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed."). Plaintiff's failure to reply or file a Notice of Extension constitutes an acknowledgment that briefing on the Motion is complete. See D.N.M. LR-Civ 7.1 (b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete."). Further, the Court notes that Plaintiff's only proffered explanation for the delay was set forth in her Motion, thus waiting for a Reply would likely be a waste of time because if Plaintiff had a good reason for the delay, she should have set it forth in her Motion rather than wait to raise it for the first time in her Reply.

claim against the United States, the parties stipulated to the dismissal of the claims against the United States.   See (**Doc. No. 44**), Stipulated Order, entered July 16, 2014.   Therefore, the remaining claims, state law negligence allegations are claims triable to a jury.

Plaintiff specifically chose not to demand a jury trial when she filed her original Complaint in 2011 due to the fact that some of her claims were required to go to a bench trial and she felt it would be "awkward" to have some claims tried before a jury and some tried before a judge.   See (**Doc. No. 87**), p. 1.   Now, because the only remaining claims are jury trial claims, Plaintiff asks this Court to change this matter from a bench trial to a jury trial.   Plaintiff recognizes that she no longer has a right to a jury trial, having waived her right by failing to timely file a jury demand. Plaintiff instead relies on Fed. R. Civ. P. 39(b) which gives the Court discretion to order a jury trial even where the right has been waived.   Defendants oppose the Court granting a jury trial.

**Discussion**

**I.    Legal Standard**

"Issues on which a jury trial is not properly demanded are to be tried by the court.   But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."   Fed. R. Civ. P. 39(b).    The Tenth Circuit has "held that, absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." Nissan Motor Corp. in U.S.A. v. Burciaga, 982 F.2d 408, 409 (10th Cir. 1992) (citing AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir.1965)). The Tenth Circuit has stated "it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party." Nissan, 982 F.2d at 409.   The Tenth Circuit has also held strong and compelling reasons for denying a jury trial exist when parties planned for the

2

matter to be a bench trial and the party requesting a jury trial had previously consented to a bench trial.  W. Ridge Grp., LLC v. First Trust Co. of Onaga, 414 F. App'x 112, 116 (10th Cir. 2011) (upholding trial court finding of a "strong and compelling reason" where "[the] [p]laintiff had early in the case consented to a non-jury trial in the scheduling order."); Oklahoma Nat. Gas Co. v. LaRue, 156 F.3d 1244 (10th Cir. 1998) (upholding denial of belated jury trial request, and noting "[c]onsidering the repeated indications that this was scheduled to be a non-jury trial-the joint status report and the district court's scheduling order-we can see no reason other than inadvertence for failing to make a Rule 39(b) motion until a few weeks before the scheduled trial.").

## II.     Plaintiff Shall not be Allowed a Jury Trial Pursuant to her Untimely Request

The Court is not convinced by Plaintiff's argument that the original inclusion of non-jury claims excuses the late request for a jury trial.  First, nothing about having some non-jury claims prevented Plaintiff from demanding a jury at the inception of the case.  Further, the non-jury claims were dismissed nearly nine months before Plaintiff filed the instant motion for a jury trial. Plaintiff offers no explanation for this additional delay.  To the extent that this was mere inadvertence or neglect, it is not an excuse.  To the extent that Plaintiff's litigation strategy has changed and she now believes a jury trial would be more beneficial, the Tenth Circuit has also specifically upheld a district court's denial of motion for jury trial where the requesting party had made a tactical decision not to originally request a jury trial.  See W. Ridge Grp., LLC v. First Trust Co. of Onaga, 414 F. App'x 112, 117 (10th Cir. 2011) (noting that where Plaintiff's "belated jury demand resulted from a change of litigation strategy" her argument that the district erred in denying the motion for jury trial was "significantly weaker" than cases of "mere inadvertence").

Defendants point to multiple reasons that they would be prejudiced by a change from a bench trial to a jury trial.  First, the discovery deadline was shortly after Plaintiff filed the Motion for Jury Trial and has since passed.  Defendants represent to the Court that they might have conducted discovery differently if they had known this matter would be presented to a jury.  Second, Defendants state that they would have approached settlement negotiations differently had this case originally been a jury trial.  Finally, and most importantly, parties have anticipated that this matter would be a bench trial since this case was filed in 2011.  Although the case is not currently set for trial, for the last three years parties have contemplated that this matter would proceed as a bench trial rather than a jury trial.  The original Joint Status Report indicated that this was a non-jury case.  <u>See</u> (**Doc. No. 39**), Joint Status Report and Provisional Discovery Plan, p. 18.  In the Court's experience, cases that are going to be tried in front of a jury have a completely different posture than cases that will be tried to a judge.  Plaintiff has offered no explanation for the three year delay in requesting a jury; at best it was mere advertence, at worst it was a change in tactics.  Neither reason is sufficient.  This is not a situation where a party missed the deadline by a matter of days and justice requires something other than strict compliance with the rules.  In this instance, Plaintiff is nearly three years too late in requesting a jury.  The Court finds that there are strong and compelling reasons for denying Plaintiff's Motion for Jury Trial.

**THEREFORE, IT IS ORDERED**, that Plaintiff's Motion for Jury Trial (**Doc. No. 87**) is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE